(9 Misc. Rep. 494.)

HAMMOND v. MARTIN et al.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

SALE—ACTION FOR PRICE.

In an action for the price of a horse sent to defendant for trial in contemplation of purchase, error in allowing the case to go to the jury on the hypothesis that the original delivery was sufficient to constitute a sale is reversible, though the testimony of plaintiff is sufficient to sustain the verdict on the hypothesis of a subsequent sale.

Appeal from eighth district court.

Action by William K. Hammond against Hannah A. Martin to recover the purchase price of a horse. A judgment in favor of plaintiff was rendered on the verdict of a jury, and defendants appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

George S. Hamlin, for appellants.

Nelson Smith and James F. Higgins, for respondent.

BISCHOFF, J. Appellants' principal contention upon this appeal is confined to the charge delivered by the justice below, there being no dispute that, upon the evidence, the verdict finds support. It appears from the testimony that the horse, for the agreed price of which this suit is brought, was sent to defendants for trial in

contemplation of purchase; that defendants' managing agent,. through whom the whole transaction was conducted, subsequently expressed himself to plaintiff as satisfied with the animal, except that it was "off its feed," and that he would accept it at the price asked should it regain its health in that regard. Plaintiff testified that, after this, he held a conversation with the agent over the telephone, and that the latter then stated that the horse was working all right, and was no longer off its feed. The above might well be taken as sufficient evidence to establish a sale of the animal, but, upon the plaintiff's own testimony, there is no doubt that the facts stated formed the only basis for a verdict against the defendants. The justice, however, submitted the case to the jury upon the hypothesis that the evidence would justify a finding that a sale took place when the animal was delivered, whereas the evidence shows clearly and without contradiction that this delivery was purely for the purposes of trial. Thus, under the charge, the jury could have reached their verdict while giving credit to the defendants' agent's direct contradiction of plaintiff's testimony with regard to the conversation over the telephone, and yet this conversation was the only basis for a finding that the minds of the parties had met. We cannot hold that this error was cured by the charging of defendants' requests to charge to the effect that "the minds of the parties must have met to constitute a sale," or "that the delivery was as consistent with a delivery for trial as with delivery after sale," for this still left unavoided the elements of objection above referred to. Nor can the subsequent consent of plaintiff's counsel that the court charge, in effect, that the delivery was for trial only, alter the question. The court did not so charge, and the case went to the jury with the erroneous instruction unchanged. Appellants' exceptions to the charge in this regard present error, which requires a reversal of the judgment. Judgment reversed, and new trial ordered, with costs to abide the event.